FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/11/2020 4:06 PM
JAMIE SMITH
DISTRICT CLERK
B-206147

CAUSE NO. B-206147

| | | |
|---|---|---|
| IN THE NAME OF | § | IN THE DISTRICT COURT OF |
| | § | |
| ANDRE JOHNLEWIS | § | JEFFERSON COUNTY, T E X A S |
| | § | |
| PETITIONER | § | 120th JUDICIAL DISTRICT |

## PETITION FOR DEPOSITIONS TO INVESTIGATE CLAIMS UNDER RULE 202

TO THE HONORABLE JUDGE OF SAID COURT:

**ANDRE JOHNLEWIS** ("Petitioner") asks the Court for an order authorizing the taking of oral and videotaped depositions with subpoena duces tecum of eyewitnesses, employees, the custodian of records, and the company representative for **AMERICAN POLLUTION CONTROL CORPORATION** ("AMPOL") *and* **APACHE INDUSTRIAL** ("APACHE"), as authorized by Tex. R. Civ. P. 202. Petitioner further seeks to obtain certain documents in order to investigate potential claims against companies responsible for the serious injuries sustained by **ANDRE JOHNLEWIS** on July 31, 2020. In support of this Petition, Petitioner would show the Court as follows:

### I. INTRODUCTION

This petition is verified in accordance with Tex.R.Civ.P. 202.2(a), and verified by the Affidavit of Cody A. Dishon, attorney for Petitioner. Petitioner seeks to investigate potential negligence claims against companies arising from an incident on July 31, 2020. These parties have crucial information regarding the incident in question.

### II. PARTIES

Petitioner is an individual who resides in Louisiana.

Petitioner seeks to depose the following persons or entities:

**EXHIBIT 1**

**AMPOL**
Corporate Representative for **AMPOL**
101 Tx Hwy 365
Port Arthur, Texas 77640

**AMPOL**
Employees of **AMPOL** who have knowledge of the incident in question
101 Tx Hwy 365
Port Arthur, Texas 77640

**AMPOL**
Custodian of Records who maintain employment records of Petitioner and business records for **AMPOL**
101 Tx Hwy 365
Port Arthur, Texas 77640

**APACHE**[1]
Corporate Representative of **APACHE**
11165 Highway 124
Beaumont, Texas 77705

**APACHE**
Custodian of Records who maintain business records for **APACHE**
11165 Highway 124
Beaumont, Texas 77705

### III. JURISDICTION AND VENUE

Venue for this Petition is proper in Jefferson County pursuant to Tex.R.Civ.P. 202.2(b) because the anticipated suit "may lie" here; similarly, there are likely one or more employees and/or witnesses who reside in Jefferson County, Texas.

### IV. FACTUAL BACKGROUND

Petitioner suffered life-changing injuries while working on a vessel in Amelia, Louisiana on July 31, 2020. On that tragic day, it is believed that Petitioner worked for **AMPOL** and was part of a crew who worked on the vessel in question. Petitioner and his crew decided to exit the vessel and head to their work trucks for a morning break. Petitioner and another crew member

took a center stairwell. Unbeknownst to Petitioner, **APACHE** had installed scaffolding throughout the vessel. In fact, **APACHE** had one of the crossbars of the scaffolding constructed above the center stairwell.

As Petitioner walked up the center stairs, he struck his head on the crossbar causing him to strike his head, back, and body on the deck floor. His left foot was stuck in the steps of the staircase. Petitioner became unconscious at the scene and started foaming at the mouth. Rescue crews came and lifted him by crane in a basket to the dock where he was transported to a hospital. As one can imagine, this incident caused serious and permanent injuries to Petitioner and his family.

## V. ADVERSE PARTIES

Petitioner has not quite determined if suit will be filed, and the purpose of this petition is to ascertain whether or not a valid claim exists. However, for the purpose of complying with Tex.R.Civ.P. 202.2(f), Petitioner states the following:

The names, addresses, and telephone numbers of persons currently known whom Petitioner expects to have interests adverse to Petitioner in regard to the claim or in the event of a lawsuit are:

**AMPOL**, their affiliated companies and employees; Address: 101 Tx Hwy 365
Port Arthur, Texas 77640

**APACHE**, their affiliated companies and employees; Address: 11165 Highway 124
Beaumont, Texas 77705

**AMPOL** and **APACHE** should have relevant knowledge regarding employment status of Petitioner, the cause of the incident, the installation, maintenance and inspection history of the scaffold in question, condition of the equipment and vessel immediately prior to Petitioner's

---

[1] **APACHE has a Houston Headquarters. It is also believed that APACHE has a principal office in Jefferson County, Texas.**

injuries, the work bring performed at the time of the incident in question and/or other companies involvement work for the work being performed at the time of the incident that Petitioner asks to investigate. Additionally, the companies should have pertinent knowledge as to the purchase of the scaffolding; modifications to work after acquired; modifications to the vessel itself; contracts, leases, and agreements that governed or are related to work being performed to which **AMPOL** and/or **APACHE** are a party; persons and entities performing work at the site where the incident occurred; and payroll information for persons and entities performing work at the site where the incident occurred.

## VI. REQUEST TO DEPOSE

In compliance with Tex.R.Civ.P. 202.2(g), Petitioner has to state the names, addresses and telephone numbers of the person to be deposed, the substance of the testimony that the Petitioner expects to elicit, and the Petitioner's reasons for desiring to obtain the testimony are as follows:

| | |
|---|---|
| NAME: | **AMPOL's** company representative with the most knowledge regarding the incident in question that resulted in serious injuries to Petitioner and the representative with the most knowledge of the installation, renovation, repair, inspection, and maintenance history of the vessel and scaffolding, as well as all the equipment used by the workers. *See also* V. (Adverse Party) |
| ADDRESS: | 101 Tx Hwy 365<br>Port Arthur, Texas 77640 |
| SUBSTANCE OF TESTIMONY: | The substance of the testimony desired to be elicited from the witness above is identical to the above listed knowledge that said witness possesses regarding the incident described in this petition. *See also* V. (Adverse Party) |

| | |
|---|---|
| REASONS FOR TESTIMONY: | To permit Petitioner and his attorneys to evaluate the potential claim referenced above prior to undertaking the expense and expenditure of judicial resources required for litigation. |
| NAME: | **AMPOL's** employees regarding the incident that resulted in injuries to Petitioner. These employees should have knowledge of what happened and why it occurred. This includes any eyewitnesses or the crew that was working on the date in question. |
| ADDRESS: | 101 Tx Hwy 365<br>Port Arthur, Texas 77640 |
| SUBSTANCE OF TESTIMONY: | The substance of the testimony desired to be elicited from the witness above is identical to the above listed knowledge that said witness possesses regarding the incident described in this petition. These employees should have knowledge of what happened and why it occurred. *See also* V. (Adverse Party) |
| REASONS FOR TESTIMONY: | To permit Petitioner and his attorneys to evaluate the potential claim referenced above prior to undertaking the expense and expenditure of judicial resources required for litigation. |
| NAME: | **AMPOL's** custodian of records with the most knowledge regarding the incident that resulted in injuries to Petitioner. The custodian of records should have all documentation related to the cause of the incident, including but not limited to the installation, renovation, repair, inspection, and maintenance history of the scaffolding, as well as all the equipment used by the workers. Further, the custodian of record should have employment status of Petitioner along with any benefits paid to him. |
| ADDRESS: | 101 Tx Hwy 365<br>Port Arthur, Texas 77640 |

| | |
|---|---|
| SUBSTANCE OF TESTIMONY: | The substance of the testimony desired to be elicited from the witness above is identical to the above listed knowledge that said witness possesses regarding the incident described in this petition. Further, Petitioner wants all company documents as it relates to the **AMPOL**, its equipment, the maintenance records, purchase orders, job assignments, equipment purchased and used (maintenance involved there), etc. Additionally, any records related to any benefits paid to Petitioner. *See also* V. (Adverse Party) |
| REASONS FOR TESTIMONY: | To permit Petitioner and his attorneys to evaluate the potential claim referenced above prior to undertaking the expense and expenditure of judicial resources required for litigation. |
| NAME: | **APACHE's** company representative with the most knowledge regarding the incident that resulted in injuries to Petitioner and the representative with the most knowledge of the installation, renovation, repair, inspection, and maintenance history of the scaffolding, as well as all the equipment used by the workers. |
| ADDRESS: | 11165 Highway 124<br>Beaumont, Texas 77705 |
| SUBSTANCE OF TESTIMONY: | The substance of the testimony desired to be elicited from the witness above is identical to the above listed knowledge that said witness possesses regarding the incident described in this petition. *See also* V. (Adverse Party) |
| REASON FOR TESTIMONY: | To permit Petitioner and his attorneys to evaluate the potential claim referenced above prior to undertaking the expense and expenditure of judicial resources required for litigation. |
| NAME: | **APACHE'S** custodian of records with the most knowledge regarding the incident that resulted in injuries to Petitioner. The custodian of records should have all documentation related to the cause of the incident, including but not limited to the |

|  |  |
|---|---|
|  | installation, renovation, repair, inspection, and maintenance history of the vessel and scaffolding, as well as all the equipment used by the workers. |
| ADDRESS: | 11165 Highway 124<br>Beaumont, Texas 77705 |
| SUBSTANCE OF TESTIMONY: | The substance of the testimony desired to be elicited from the witness above is identical to the above listed knowledge that said witness possesses regarding the incident described in this petition. Further, Petitioner wants all company documents as it relates to **APACHE**, its scaffolding, the maintenance records, purchase orders, job assignments, equipment purchased and used (maintenance involved there), etc. *See also* V. (Adverse Party) |
| REASONS FOR TESTIMONY: | To permit Petitioner and his attorneys to evaluate the potential claim referenced above prior to undertaking the expense and expenditure of judicial resources required for litigation. |

## VII. REQUEST FOR PRODUCTION

Additionally, Petitioner seeks discovery of certain documents in the possession of **AMPOL** and **APACHE** to wit those items (including written documents, computerized records, data compilations, memoranda, or other tangible evidence) relating to:

- All photographs or videotapes taken as a result of the incident in question;
- All documents related to any maintenance and cure benefits, workers compensation benefits, etc. for Petitioner;
- All documents related to **AMPOL's** and **APACHE's** relationship. This includes work orders, contracts, e-mails, etc. ;
- All documents between **AMPOL, APACHE,** and/or the vessel owner;
- Any investigation reports into the incident described in this Petition;
- Any documents reflecting complaints by other employees or persons related to the incident described in this Petition;
- All documents including emails and text messages between the workers and the company as it relates to this project and/or incident;
- Any documentation on Petitioner, including his personnel file;
- All documents including emails and text messages as it relates to this incident;
- All documents as it relates to the scaffolding in question;

- Any and all documentation related to the job order that required Petitioner to be at the vessel;
- Complete and fully executed Master Service Agreements with all companies related to the work bring performed at the time of the incident;
- Complete list of project planners, job schedulers, and work orders associated with the work done by Petitioner;
- A copy of all witness statements;
- The identity of employees working near Petitioner at the time of incident. Please include their contact information;
- Copy of the companies' safety plan;
- Copy of all work permits that allowed Petitioner permitting the work being performed at the site of the incident;
- Copy of all Job Safety Analysis and/or Work Authorization Permits ("WAP's) prepared, if any;
- List of all contractors and responsible parties for inspection of the vessel and scaffolding before Petitioner was permitted to start work;
- Job responsibilities and expectations of Petitioner and any other person or company as it relates to the work in question;
- Copies of all service agreements with contractors and service firms involved in maintenance of the scaffolding;
- All documents related to the scaffolding used on the vessel in question;
- All documents related to the purchase of the scaffolding in question;
- All documents related to any modifications to the scaffolding and/or vessel since Petitioner was injured;
- Contracts, leases, and agreements that governed or are related to work being performed to which **APACHE** and **AMPOL** are a party;
- All persons and entities performing work at the site where incident occurred;
- All payroll information for persons and entities performing work at the site where the incident occurred.

Obtaining documents as outlined above is specifically authorized by Tex.R.Civ.P. 202.5, which explicitly states the following: "The scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed."

## VIII.

Granting this petition is proper, pursuant to Tex.R.Civ.P. 202.4(a), for the following reasons:

A.  The information sought cannot be obtained from any other source or through any other means prior to filing a lawsuit. Petitioner has suffered a serious head injury impacting his ability to recall specific details;

B.  The information sought will likely reveal the reason why Petitioner's was injured and may lead to civil suits against third parties unknown to Petitioner;

C.  Allowing the Petitioner to take the requested depositions and obtain documentation regarding the incident in question will prevent a failure or delay of justice in an anticipated suit; and

D.  For the reasons stated herein, the likely benefits of allowing the requested depositions and documentation will allow Petitioner to investigate a potential claim and these benefits significantly outweigh the burden or expense of filing suit without proper information.

In support of this allegation, counsel for Petitioner has set out more detailed reasons in his affidavit, which is incorporated herein by reference.

## IX. NOTICE

As authorized by Tex. R. Civ. P. 21a, notice of this proceeding is given to the following by fax and certified mail, return receipt requested:

Respondent **AMPOL** has received notice via fax: 409-736-2728 and 337-365-8890. A copy of the 202 Petition will also be served through its registered agent for service – Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Respondent **APACHE** has received notice via hand delivery and/or certified mail. A copy of the 202 Petition will also be served through its registered agent for service – Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner requests that the Court hold a hearing on this Petition after service of this Petition and notice, pursuant to Tex. R. Civ. P. 202.3(a), and then issue an Order be granted authorizing the Petitioner to take the deposition of the persons named above, and to obtain copies of the documents referred to above before the depositions, which is specifically authorized by Tex.R.Civ.P. 202.5. The deposition will be taken

by oral (stenographic) deposition and may be videotaped. Petitioner additionally request any such further relief be granted as allowed in equity or by law.

THE FERGUSON LAW FIRM, L.L.P.
350 Pine Street, Suite 1440
Beaumont, Texas 77704
(409)832-9700 - telephone
(409)832-9708- facsimile

*Cody Dishon*

Cody A. Dishon
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2020, I served a true and correct copy of this Petition upon the following persons via overnight delivery and facsimile:

Respondent **AMPOL** has received notice via fax: 409-736-2728 and 337-365-8890. A copy of the 202 Petition will also be served through its registered agent for service – Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Respondent **APACHE** has receive noticed via fax: 409-429-5401. A copy of the 202 Petition will also be served through its registered agent for service – Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

*Cody Dishon*

Cody A. Dishon

## AFFIDAVIT

STATE OF TEXAS           §

COUNTY OF JEFFERSON §

BEFORE ME, the undersigned authority, on this day personally appeared CODY A. DISHON, who upon her oath, deposed and stated as follows:

"My name is **CODY A. DISHON**. I am over eighteen years of age and fully competent in all respects to make this Affidavit. Unless otherwise indicated below, the statements made in this Affidavit are truth and based upon my personal knowledge.

I am the attorney for Petitioner Andre Johnlewis in the foregoing Petition for Depositions to Investigate Claims. I have been retained by said Petitioner to investigate the claims described throughout the petition.

The allegations set out in the Petition are true and correct, based upon my personal knowledge and/or facts gathered through exercising due diligence. A limited investigation into the incident of July 31, 2020 would allow Petitioner to determine what third parties, if any, may bear liability for the injuries that resulted in Petitioner suffering from serious injuries. This is my opinion based on information and belief and my professional experience.

Allowing the Petitioner to take the requested depositions will prevent a failure or delay of justice in a potential or anticipated suit. Petitioner wishes to conduct a limited investigation into the potential claims, as set forth in the foregoing Petition for Depositions to Investigate Claims, to determine if there are facts which will support potential claims against any such persons and entities without incurring the significant cost of preparing for trial of such claims, including hiring multiple investigators, expert witnesses and subjecting Petitioner to discovery. Filing a suit immediately would result in a substantial amount of money to be incurred without a full understanding of what occurred to Petitioner.

The likely benefit of allowing Petitioner to take the requested depositions and obtain documents to investigate potential claims outweighs the burden or expense of the procedure. The depositions and related documents sought are limited in scope and nature, and they will enable Petitioner to assess the potential claims and preserve essential evidence without subjecting Petitioner, the witnesses, the potentially adverse parties, or the other parties in interest, to undue expense or inconvenience. The cost of taking the depositions and obtaining the documents requested is lower to Petitioner, the witnesses, the potentially adverse parties, or the other parties in interest than the cost of prosecuting or defending a lawsuit. Based on my opinion and experience, if Petitioner files suit, (a) he will be expected to submit to discovery regarding his damages, which is expensive and time-consuming for Petitioner, his counsel, the potential witnesses, and the parties obtaining such discovery; (b) the parties will engage in broad discovery regarding the facts underlying and surrounding the incident made the basis of these claims, which will be more expensive and time-consuming for Petitioner, his counsel, the potential witnesses, and the parties obtaining such discovery, as opposed to the targeted discovery sought in this petition; (c) deadlines regarding expert disclosures will begin to run, thereby compelling the parties to expend additional sums of money retaining experts. The cost of the depositions and related document requests sought in the Petition is far less onerous and

expensive for the Petitioner, the witnesses, the potentially adverse parties, or the other parties in interest than litigation."

**FURTHER AFFIANT SAYETH NOT.**

_____
Cody A. Dishon

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this date 11th day of August 2020.

> JESSICA BURKETT
> Notary Public, State of Texas
> Comm. Expires 06-30-2024
> Notary ID 13072230-6

_____
Notary Public for the State of Texas